Thank you, Your Honor. May it please the Court, opposing counsel, my name is Suzanne Lee Elliott, and I represent Mr. Michael Pittman in this appeal from his 2254D challenge in the district court. I would like to reserve three minutes for rebuttal. Right. Watch the clock. Thank you. Mr. Pittman was convicted in state court of one count of child rape. He exhausted his state court remedies and sought relief in the federal courts. He was pro se in the district court, but the district court did grant a certificate of appealability on two issues. Whether or not the prosecutor, the state court prosecutor at trial improperly commented upon Mr. Pittman's rights remained silent, and whether the prosecutor in her closing argument improperly opined regarding typical grooming behavior. The parties appear to agree on the appropriate standards of review, and in the broadest terms, the state appellate court identified the proper rules for evaluating these constitutional errors. Mr. Pittman, of course, argues that the state appellate court reached the wrong conclusion on these federal constitutional issues. As to the prosecutor's improper opinion in, or insertion of expert opinion into closing argument, the federal due process clause clearly protects against a prosecutor's actions in a state court trial that are fundamentally unfair. In this case, am I right, we're dealing with a state prisoner, and you file a federal habeas petition, and you're under the ADEPA, that's the acronym for it? That's correct. The Adversary Prison and Effective Death Penalty Act. That's correct, Your Honor. And what you have to show is that the state court's determination is objectively unreasonable. That's correct. Because they've cited the right standards, you've said. You have to show they've applied it in an objectively unreasonable manner. Unreasonable manner. Here the appellant asserted that these, the prosecutor's comment that Mr. Pittman, actually a relatively lengthy portion of her closing argument about Mr. Pittman's behavior towards children, his interaction with children, the evidence that was elicited regarding his preference for hanging out with children versus adults, culminated in the comment that Mr. Pittman had engaged in typical grooming behavior. There was no testimony at trial to support this expert opinion. And it was particularly egregious since the Washington State Supreme Court has excluded grooming evidence from trial. The Washington Appellate Court's assessment of this comment was unreasonable. Read in context, a phrase also used by the Washington State Appellate Court, but read in context, it's absolutely clear that the prosecutor made a veiled assessment that Mr. Pittman was a pedophile because he spent time with kids, and that that introduced her to this idea of grooming. The Washington Appellate. He was how old? Mr. Pittman, I believe in his 40s. Approaching 40, I believe. In his 30s. And he's with a child who's, what, 11 or 12? 11. And he's playing a game with him. That's an odd, maybe the wrong phrase, but he's getting him to talk about his bodily functions in some way? That's correct. Although the evidence that Mr. Pittman had argued below was otherwise inadmissible, which I agree the state court admitted and is not a subject of this appeal, but the prosecutor cited that and went on rather at length about Mr. Pittman's preference for being around children, which was supported by the testimony of some of the other adults in the community. So it was not just this game. She, and this is at ER 419 to 420, she went and 490, or 393, she went on to talk about the fact that he spent a lot of time with children. He told dirty or gross jokes to children, and she pointed out that one of the adults had said that he should not make these kind of inappropriate comments around children, and he didn't stop. Then she goes on to characterize this behavior as well as the game that he allegedly played with the 11-year-old victim here as typical grooming behavior for children for people who prey upon children, essentially inserting her opinion that he was a pedophile. This was, again, one, improper under Washington case law and unsupported by any expert opinion. He could have properly argued, well, he was grooming him. Beg your pardon? Instead of saying this is typical grooming behavior, he could have said in argument, well, what he was doing in this game was grooming him. Actually, under Washington law, no, because the Washington, as cited in my brief, the Washington appellate courts have found that the introduction of testimony, the profile kind of evidence regarding grooming is inadmissible in Washington courts. So the prosecutor knew or should have known that the term grooming was particularly problematic, not just in closing argument, but in terms of eliciting testimony. Counsel, the Washington courts said, all right, this happened, that it couldn't have caused any prejudice in light of the overwhelming evidence. How can we find differently under the AEDPA statute? I believe that actually gets to the crux of the matter in this case as to both claims of error, whether or not there was, whether the errors here were harmless or not, under the test set forth by this court. This was a case in which there was no evidence to corroborate that of the complaining witness. There was no forensic evidence supporting it. There were inconsistencies that are cited in our brief with the pages carefully set out in the victim's testimony. When the officers went to the scene where this was supposed to have taken place, which was a shack along the railroad tracks, if I recall, they could not find the alcohol containers that the victim indicated had been there. They did not find the cigarette, the evidence of the cigarette butts. And there was a substantial delay in reporting. Mr. Pittman asserted that the child had made this story up because he had observed him shoplifting and had called him on that issue. So it was solely a credibility issue between the victim and the statements made by Mr. Pittman to the police. And so the prosecutor, recognizing the weakness of her case, I think, inserted these inappropriate comments. First, that, you know, it didn't matter what the evidence was. Mr. Pittman was a pedophile. And two, that he hadn't come forward and testified. I know I haven't argued specifically. He didn't really say, she didn't say that. So, I mean, and this is a difficult issue in a Nadeepa case. You know, if the prosecutor had argued he didn't come forward and testify, that would be a violation of what the Supreme Court has held. But in this case, the prosecutor, as I understand it, just said, like, well, there are two witnesses to this event. And then he goes on to talk about what the kid said. But did not say, explicitly at least, that Pittman didn't testify. So you have to show that that comment is a violation of law clearly established by the Supreme Court, not just like what we would do if we were thinking about it. Right? That's correct. That is absolutely correct. So what's the Supreme Court? I'm aware of Federal law clearly established by the Supreme Court that would proscribe a direct comment, like you just argued, like he didn't testify. But I'm not aware of any law established by the Supreme Court that would proscribe the comment made here. To me, that's a big distinction because of the Adipa standard. Your Honor, I think there are three U.S. Supreme Court cases that prohibit the kind of comment made here. I agree that it requires some interpretation because, of course, it's rare that prosecutors repeat precisely the same kind of comments in every case. But in Doyle v. Ohio, the Supreme Court held that it was fundamentally unfair and a violation of due process for a prosecutor to call attention to a defendant's post-arrest silence. In Greer v. Maller's side on page 12 of our brief, the Supreme Court said that the prosecutor engages in this kind of unconstitutional use of silence against the defendant when the fact of the defendant's post-arrest silence is submitted to the jury as evidence from which it is allowed to withdraw any impermissible inference. This is the one area where I think the Washington State Appellate Court cited the wrong standard. Had they done so, though, I think they would have had to conclude that this statement was submitted to this argument was submitted to the jury as a way to improperly conclude that the defendant's silence could be used against him. All right. Thank you, counsel. Thank you. Thank you. May it please the Court. My name is John Sampson. I'm Assistant Attorney General representing the respondent. The petitioner is not entitled to relief under the ADEPA statute 2254D because the State Court reasonably applied clearly established federal law in denying the claims. The State Court reasonably determined that the prosecutor's two isolated and unobjected to comments were proper, did not render the trial unfair, and did not prejudice the defense. Addressing the last point that was raised by petitioner's counsel, the Doyle case and the Miranda silence, where a defendant is warned that they have a right to remain silent and then the prosecutor comments on the silence following Miranda and the failure to raise any defense to the police officers investigating the case. This case involves the alleged comment on the failure to testify in the case that the U.S. Supreme Court has issued as Griffin, not Doyle and not Greer. Those involve a closely related but a separate right. In the test set forth, I'm not aware either of any Supreme Court case that talks about indirect comments. Griffin discussed direct comments either by the prosecutor or in the Griffin case an instruction by the court that a defendant's silence or failure to testify could be used against the defendant. This court, however, has developed language in cases cited in the briefs Tarazan and Lincoln v. Sun, which the standard is that it either has to be manifestly intended to be a comment on the defendant's failure to testify or naturally and necessarily be taken by the jury as a comment and a statement.  is a direct comment. That's a Ninth Circuit standard. That is the Ninth Circuit standard. Do we even get to that in this case under a deep? No, Your Honor. It would be what has the Supreme Court said. We look at Griffin or any other Supreme Court case. Correct, Your Honor. But even under this. The ruling doesn't have to be absolutely square. If it establishes a principle that's violated here, that would do it. If it clearly establishes the Federal law, it doesn't have to be fact by fact specific. No, Your Honor. I mean, the comment, I understand your argument that it's a single comment and it's one thing in a big trial and all. But it's skating kind of close to the line. Look, this isn't the thing where there are a lot of witnesses. There were two witnesses. One of them testified. You're getting close. Taken simply on those words, we would be getting close. But looking at the argument as a whole, the prosecutor was going through the instructions to the jury, talking about the burden of proof instruction and other instructions. And the prosecutor on page 384 of the excerpt's record started talking about this issue and said, You, as the instructions again tell you, are the judges of the credibility of the witnesses. This isn't a case with a lot of witnesses. There were only two people who actually saw the crime. I'm paraphrasing. Alan told us what happened. And then the prosecutor goes on for seven pages explaining why Alan is a credible witness based on the evidence presented at trial. And then on page 391, the prosecutor concludes, Again, you are the judges of Alan's credibility, and I maintain that he was extremely credible. That comment that they now object to was not going to the defendant's failure to testify. It was going to, This is why Alan is a credible witness, and you should believe him based on the evidence presented. Again, these were not objected to, and while that's not dispositive, it is great evidence that the statements were proper and that the statements did not render the trial unfair. And the state court applied the correct standard under this court's case law and under Griffin. There's no argument, really, that they applied an incorrect standard, and they applied it in a reasonable manner. For that reason, Petitioner is not entitled to relief. Could you respond to the prejudice argument? I gather the first point, the comment on the failure to testify at trial, the court of appeal actually held that if that was there, it was cured by the court giving an instruction. So it didn't really discuss whether the evidence was so otherwise overwhelming to be harmless error. On the second point, the grooming behavior point, the court of appeal said that was not a prejudicial comment, and counsel explained why it was. Can you respond to that? Yes, Your Honor. It was not prejudicial, addressing first the evidence presented by the State. Petitioner claims that this was uncorroborated to simply the testimony of the victim. That's not true. The victim testified and specifically explained all the facts of the crime that occurred to him. There was also testimony from other witnesses explaining that his story has remained the same. There may have been minor inconsistencies, but the actual facts of the crime remain the same. The mother testified about how drunk Mr. Pittman was when he arrived that night, which corroborates the statements by the victim that they had been drinking. Although no bottles were found at the actual location, there was testimony that the bottles wouldn't be found because transients frequently went through and collected the bottles for recycling. They did, however, produce bottles that resembled the ones that had the same lightning strike, and that was State's Exhibit 1, I believe. That corroborates the victim's story that they had been drinking. There was other evidence presented to corroborate the victim, so this is not a case where it was simply one person being uncorroborated. In addition to the evidence presented, the jury instructions do weigh heavily in a finding of no prejudice. As far as the comment on the failure to testify, this Court in Lincoln v. Sons said it will not reverse a conviction where the comment is a single isolated incident, does not stress an inference of guilt, and is followed by a curative instruction. The fact is there was a curative instruction. The Court told the jury that the defendant did not have to testify and that the defendant's failure to testify should not be used to infer guilt or otherwise prejudice to the defense. The second issue or the second comment, the typical grooming behavior, this was a statement made directly in response to the defense's closing argument. It was a statement based on the evidence. Petitioner's counsel has indicated that the prosecutor talked about all this evidence that was, in her mind, inadmissible. The State courts allowed this evidence to come in and found it was admissible. This was reasonable argument drawing reasonable inferences from the evidence presented at trial. Is grooming behavior a technical term having to do with pedophile? I'm not familiar with this. I don't know what that would be. Is it part of, say, an expert testimony on pedophile profiles? There is an area where grooming is considered a technical term. A pedophile grooms somebody. But this was not the argument that the prosecutor was making. There's no other reference to a pedophile or expert testimony or the prosecutor's own personal knowledge. This is the evidence. The defense counsel just got up and told you that this game that he played is not believable because no one can fart at will. And the prosecutor, in response, says, no one said they were actually doing that. It was just a game they were playing. And that is why this is believable. What the victim has just told you is believable. If he was a younger victim, he would say, I have some candy for you or I have a puppy. That's not going to work on somebody who's 11. So what do you do? You create a game or you give them alcohol or you give them marijuana, and this is how you get in. And so they'll follow you down to this railroad shed and put you in a position where you can't be victimized. That is all reasonable arguments based on the evidence that was presented. There was evidence presented that he did associate only with children and not with adults. I suppose when you say something is typical, that sort of implies that there is some sort of standard or evidence that this is a pattern. You don't have that in the evidence. That's correct. There was no expert testimony, and I see I'm almost out of time, Your Honors, but I would say that the evidence that was in the record, it may have been a poor choice of words by the prosecutor, but it is not such an egregious statement. Assuming this Court were to find it improper, which we suggest it was proper, but even if it was improper, it's not so egregious that it should result in the reversal of the conviction.  Thank you, Counsel. The Court will take a brief recess before it takes up the next two cases. Pittman v. Waddington is submitted. Thank you. Thank you.
judges: Canby, Wardlaw, Gould